ELDON S. EDSON (SBN CA 168896)
eedson@selmanlaw.com
LAURA R. RAMOS (SBN CA 186326)
lramos@selmanlaw.com
SELMAN LEICHENGER EDSON HSU
NEWMAN & MOORE, LLP
11766 Wilshire Blvd., Sixth Floor
Los Angeles, CA 90025-6538
Telephone:  310.445.0800
Facsimile:   310.473.2525

Attorneys for Plaintiff,
CAROLINA CASUALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA- WESTERN DISTRICT

| | |
|---|---|
| CAROLINA CASUALTY INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>DE CASTRO, WEST, CHODOROW, MENDLER & GLICKFELD, INC.; CONTINENTAL CASUALTY COMPANY; FIRST SPECIALTY INSURANCE COMPANY; INTERSTATE FIRE AND CASUALTY INSURANCE COMPANY<br><br>Defendants. | Case No. 2:23-cv-02674<br><br>PLAINTIFF, CAROLINA CASUALTY INSURANCE COMPANY'S, COMPLAINT FOR DECLARATORY RELIEF |

COMES NOW Plaintiff, CAROLINA CASUALTY INSURANCE COMPANY by its undersigned counsel, and states as follows:

**PARTIES**

1.   Plaintiff, CAROLINA CASUALTY INSURANCE COMPANY ("Carolina Casualty" or "Plaintiff"), currently is, and was at all times relevant herein, a corporation duly organized under the laws of the State of Iowa with its principal place of business in Iowa.

///

1

COMPLAINT

2. DE CASTRO, WEST, CHODOROW, MENDLER & GLICKFELD, INC. ("De Castro West") is a law corporation organized under the laws of the state of California, with its principal place of business in Los Angeles, California.

3. CONTINENTAL CASUALTY COMPANY ("Continental Casualty") is an organization formed under the laws of the State of Illinois with its principal place of business in Chicago, Illinois.

4. FIRST SPECIALITY INSURANCE COMPANY ("First Specialty") is an organization formed under the laws of the state of Missouri with its principal place of business in Overland Park, Kansas.

5. INTERSTATE FIRE & CASUALTY COMPANY ("Interstate Fire") is an organization formed under the laws of the state of Illinois with its principal place of business in Chicago, Illinois.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 USC section 2201 as an actual controversy exists within the Court's jurisdiction that merits relief.  This Court has jurisdiction pursuant to 28 USC section 1332(a) as the parties' citizenship is diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Complete diversity exists between plaintiff and defendants as, at all times relevant herein, plaintiff, was and is, a citizen of the states of North Carolina and Florida; and defendants were at all times relevant herein, citizens of different states.

8. This Court has personal jurisdiction over Defendants, and each of them, as defendant De Castro West is a resident of this judicial district and other defendants have purposely availed themselves of the privilege of conducting activities within California in this judicial district.

9. Venue is proper in this judicial district pursuant to 28 USC section 1391(a)(2) as the actions giving rise to the claims herein and in the "Underlying

Actions" (*infra*) were performed in this judicial district. Venue is also proper in this judicial district pursuant to 28 USC section 1391(c) as the defendant, De Castro, is a corporation which is a resident in this judicial district.

10. By this suit, plaintiff, Carolina Casualty, seeks a declaration that it does not owe any coverage obligations for the Underlying Actions until all the defendant insurance companies have properly exhausted their policies; and a declaration that the non-defending insurance company defendants owe coverage obligations to their mutual insured, De Castro West, regarding several Underlying Actions.

## THE POLICIES

11. Defendant, Continental Casualty, issued primary Lawyers Professional Liability claims made and reported policies to De Castro West including but not limited to policy No. 267953345 for the period 1/15/04-1/15/05 and policy No. 267953348 for the period 1/15/05-1/15/06.

12. Plaintiff, Carolina Casualty, issued an excess Professional Legal Liability claims made and reported policy to De Castro West with policy No. 9336685 for the period 1/15/04 to 1/15/05. (A true and correct copy of the Carolina Casualty policy is attached as Exhibit A.)

13. The Carolina Casualty policy is excess over the 2004-2005 Continental Casualty policy.

14. Defendant, First Specialty issued primary Professional Legal Liability policies to De Castro West including but not limited to policy Nos. FNA337999001800 for the period 6/15/2012- 6/15/2013 and FNA337999001801 for the period 6/15/2013- 6/15/2014.

15. Defendant, Interstate Fire, issued primary Professional Legal Liability policy(ies) to De Castro West, including but not limited to Policy No. CLX 1001744 for the period 6/16/09-6/16/10.

///

# FACTUAL BACKGROUND

16. De Castro West and certain specific attorneys from De Castro West have been named as defendants in at least twelve separate and distinct legal malpractice suits in various jurisdictions around the country regarding legal advice given by De Castro West. The Underlying Actions allege that De Castro West provided legal advice which was below the standard of care and which allegedly caused damage to De Castro West's clients. A sub-set of the malpractice suits against De Castro West are referred to herein as "Underlying Actions" and are identified as:

- *Anderson et al v. DeCastro West et al.,* ADR Services Case No. 14-1031;
- *Kaufman v. DeCastro West et al.*, ADR Services Case No. 13-1056;
- *Khan v. DeCastro West et al., ADR Services Case No 10-2459*
- *Coe, et al. v. De Castro West*, ADR Services

17. Continental Casualty defended, or is defending, all of the Underlying Actions.

18. Carolina Casualty is informed and believes that Continental Casualty has paid to settle some suits against DeCastro West including some of the Underlying Actions listed above.

19. Continental Casualty asserts that all the Underlying Actions are "related claims" as that term is used in its policy and are all covered by its policy for the year 2004-2005.

20. The Continental Casualty policy contains the following provision regarding "related claims":

> Limits of Liability and Deductible
>
> …
>
> Multiple insureds, claims and claimants

The limits of liability shown in the Declarations and subject to the provisions of this Policy is the amount the Company will pay as damages and claim expense regardless of the number of Insureds, claims made or persons or entities making claims.  If related claims are subsequently made against the Insured and reported to the Company, all such related claims, whenever made, shall be considered a single claim first made and reported to the Company within the policy period in which the earliest of the related claims was first made and reported to the Company.

21. The Continental Casualty policy contains the following definitions:

…

O. "Related acts or omissions" mean all acts or omissions in the rendering of legal services that are temporally, logically or causally connected by any common fact, circumstance, situation, transaction, event, advice or decision.

P. "Related claims" mean all claims arising out of a single act or omission or arising out of related acts or omissions in the rendering of legal services.

…

22. Plaintiff alleges on information and belief that each Defendant asserts that all the Underlying Actions are "related claims" as that term is used in the Continental Casualty policy.

23. Plaintiff alleges that the Underlying Actions are not all "related claims"  as among other things, they involve separate tax opinions rendered at

5

different times, there are multiple complaints, multiple claims, claims involving different investments in different countries, contain different damage allegations, involve different tax advisors, and concern different tax issues.

24. Furthermore, the Underlying Actions concern different legal opinions, given at different times, involving different purchasers, involving different "investment promoters", involving different "distressed assets" in different countries (*e.g.* some actions involve assets in Brazil (Kaufman), other ones involve assets in Russia (Anderson), and different tax advisors.

25. Plaintiff alleges on information and belief that each Defendant asserts that only the policies issued by Continental Casualty and Carolina Casualty for the 2004-2005 policy year are potentially triggered by all the Underlying Actions.

26. Plaintiff asserts that its policy is not triggered until all primary policies are properly exhausted.

27. Plaintiff alleges on information and belief that each Defendant asserts that the First Specialty and Interstate Fire policies are not triggered by the Underlying Actions.

28. Plaintiff asserts that the First Specialty and Interstate Fire policies are triggered by the Underlying Actions.

29. First Specialty and Interstate Fire each have been tendered all of the Underlying Actions.

30. First Specialty and Interstate Fire each have denied a defense obligation for the Underlying Actions.

31. First Specialty and Interstate Fire each have denied an indemnity obligation for the Underlying Actions.

32. Plaintiff alleges that all primary policies in effect at the time that each claim was made and/or reported is triggered and the carriers must defend and indemnify those suits.

33. Plaintiff alleges that defendants herein, First Specialty and Interstate

Fire each owe a duty to defend and indemnify certain of the Underlying Actions as the Underlying Actions are not all "related claims."

34. Plaintiff alleges that defendant Continental Casualty should not attempt to improperly exhaust its policy limit by defending and indemnifying all of the Underlying Actions under the 2004-2005 policy as the Underlying Actions are not all "related claims."

## FIRST CAUSE OF ACTION

**(Declaratory Relief- The Claims Are Not Related)**

**(Against All Defendants)**

35. Plaintiff realleges all previous paragraphs and incorporates each herein as though fully stated.

36. Plaintiff asserts that the Underlying Actions and/or claims against De Castro West are not all "related claims" as that term is used in the Continental Casualty policy in that the claims are not temporally, logically or causally connected by any common fact, circumstance, situation, transaction, event, advice or decision.

37. Plaintiff alleges that defendants and each of them dispute the assertion that the Underlying Actions are not all "related claims."

38. An actual controversy exists between Plaintiff and defendants regarding whether the Underlying Actions are "related claims" under the terms of the relevant policies.

39. Accordingly, Plaintiff requests a declaration from this court that the Underlying Actions are not all "related claims."

## SECOND CAUSE OF ACTION

**(Declaratory Relief – Duty to Defend )**

**(Against Defendants First Specialty and Interstate Fire)**

40. Plaintiff realleges all previous paragraphs and incorporates each herein as though fully stated.

41. Plaintiff asserts that defendants First Specialty and Interstate Fire each owe a duty to defend De Castro West in those Underlying Actions where the claim was first made and or reported in their policy periods.

42. Plaintiff alleges that First Specialty and Interstate Fire dispute the assertion that they owe a duty to defend any of the Underlying Actions.

43. An actual controversy exists between Plaintiff and First Specialty and Interstate Fire regarding whether each owes a duty to defend certain of the Underlying Actions.

44. Accordingly, Plaintiff requests a declaration from this court that First Specialty and Interest Fire owe a duty to defend certain of the Underlying Actions.

## THIRD CAUSE OF ACTION

### (Declaratory Relief – Duty to Indemnify)

### (Against Defendants First Specialty and Interstate Fire)

45. Plaintiff realleges all previous paragraphs and incorporates each herein as though fully stated.

46. Plaintiff asserts that defendants First Specialty and Interstate Fire owe a duty to indemnify those Underlying Actions where the claim was first made, and or reported in their policy periods.

47. Plaintiff alleges that First Specialty and Interstate Fire dispute the assertion that they owe a duty to indemnify any of the Underlying Actions.

48. An actual controversy exists between Plaintiff and First Specialty and Interstate Fire regarding whether each owes a duty to indemnify certain of the Underlying Actions.

49. Accordingly, Plaintiff requests a declaration from this court that First Specialty and Interstate Fire owe a duty to indemnify certain of the Underlying Actions.

///

///

## FOURTH CAUSE OF ACTION

### (Declaratory Relief- Reallocation of Defense Payments/ Proper Exhaustion Of The Continental Casualty Policy)

### (Against All Defendants)

50. Plaintiff realleges all previous paragraphs and incorporates each herein as though fully stated.

51. Plaintiff asserts that Continental Casualty has already paid sums in defense of the Underlying Actions and continues to pay defense fees in those Underlying Actions which are still pending.

52. Plaintiff asserts that certain of the defense fees spent and which will be spent for the Underlying Actions reduce the available limits of the Continental Casualty policy.

53. Plaintiff asserts that Continental Casualty did not owe all the defense sums it has paid and will pay for the Underlying Actions; but rather, other primary carriers, including First Specialty and Interstate Fire, owe some of the past and future defense fees for certain of the Underlying Actions.

54. Plaintiff asserts that the defense fees paid and which will be paid for the Underlying Actions should be re-allocated among all the proper primary policies issued to De Castro West.

55. Plaintiff alleges that defendants dispute that the defense fees paid and to be paid by Continental Casualty in the defense of the Underlying Actions should be re-allocated among other primary policies.

56. An actual controversy exists between Plaintiff and Defendants regarding whether the defense fees paid, and which will be paid, in the defense of the Underlying Actions should be re-allocated among the other primary policies.

57. Accordingly, Plaintiff requests a declaration from this court that the defense fees paid, and which will be paid, in the defense of the Underlying Actions should be re-allocated or allocated among the proper primary policies.

# FIFTH CAUSE OF ACTION

### (Declaratory Relief – Reallocation of Indemnity/ Property Exhaustion of Continental Casualty Policy)

### (Against All Defendants & Does 1-10)

58. Plaintiff realleges all previous paragraphs and incorporates each herein as though fully stated.

59. Plaintiff asserts that Continental Casualty has already paid sums to indemnify De Castro West in the Underlying Actions.

60. Plaintiff asserts that some of the Underlying Actions are still pending and may require an indemnity payment.

61. Plaintiff asserts that Continental Casualty did not, and does not, owe all the indemnity sums it has paid or may pay for the Underlying Actions; but rather, other primary carriers including First Specialty and Interstate Fire, owe some of the indemnity paid or to be paid for the Underlying Actions.

62. Plaintiff asserts that the indemnity paid, or to be paid, in the Underlying Actions should be re-allocated among the proper primary policies issued to De Castro West.

63. Plaintiff alleges that Defendants dispute that the indemnity for the Underlying Actions should be re-allocated, or allocated, among other primary policies.

64. An actual controversy exists between Plaintiff and Defendants regarding whether the indemnity paid, or to be paid, in the Underlying Actions should be re-allocated among the other primary policies.

65. Accordingly, Plaintiff requests a declaration from this court that the indemnity paid, or to be paid, in the Underlying Actions should be re-allocated or allocated among the proper primary policies issued to De Castro West.

///

///

## PRAYER FOR RELIEF

WHEREFORE, Carolina Casualty prays for relief as follows:

A. As to the First Cause of Action, Plaintiff requests a declaration from the court that all the Underlying Actions are not "related claims."

B. As to the Second Cause of Action, Plaintiff requests a declaration from the court that First Specialty and/or Interstate Fire owe a duty to defend certain of the Underlying Actions.

C. As to the Third Cause of Action, Plaintiff requests a declaration from the court that First Specialty and/or Interstate Fire owe a duty to indemnify certain of the Underlying Actions.

D. As to the Fourth Cause of Action, Plaintiff requests a declaration from the court to re-allocate the amounts paid, or to be paid, in the defense of the Underlying Actions among the proper primary carriers.

E. As to the Fifth Cause of Action, Plaintiff requests a declaration from the court to re-allocate the amounts paid, and to be paid, for indemnity of the Underlying Actions among the proper primary carriers.

F. For Costs of Suit

G. And for such other and further relief as this Court may deem just and proper.

DATED: April 10, 2023

Respectfully Submitted,

SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE, LLP

By: /s/ Laura R. Ramos
ELDON S. EDSON
LAURA R. RAMOS
Attorneys for Plaintiff
CAROLINA CASUALTY
INSURANCE COMPANY

11